[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on December 29, 1990 in Warwick, New York. By complaint dated April, 18, 2001 the Wife instituted this action claiming a legal separation, alimony, child support, custody of the minor children, exclusive use of the family home and other relief as law and equity might provide. By Amended Complaint dated July 12, 2001, the Wife is seeking a dissolution of the marriage.
Two minor children were born issue of this marriage: Gavin born on April 11, 1991 and Drew born on December 28, 1993.
The Wife is age 40 and in good health. The Husband is age 43 and in good health, except for some mental health issues which he testified to but was not able to present proof regarding.
This court finds that both parties are responsible for the breakdown of the marriage due to the mental health issues of the Husband.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties:
ORDERS:
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on September 9, 2002.
CUSTODY/VISITATION
The parties have entered in to written Agreement dated September 9, CT Page 11455 2002 regarding custody and visitation. The court approves the Agreement and enters orders in accordance with the Agreement. The Agreement is attached hereto and made a part hereof.
CHILD SUPPORT
The Husband shall pay to the Wife the sum of $163.00 per week as child support for the two children, said sum deviating from the Child Support Guidelines. The Husband has no income at this time, he was terminated from his employment. The Guidelines would require him to pay nothing. However, this court finds that application of the Guidelines is inappropriate and inequitable due to the following two deviation criteria: earning capacity of the Husband and extraordinary needs of one of the children. An immediate income withholding shall enter.
There is an arrearage on the pendente lite orders of child support in the amount of $1,141.00. Therefore the court orders $32.00 per week on that arrears. The obligations of support and maintenance of the minor children shall terminate as each such child attains the age of eighteen (18) years, marries, dies, becomes employed full time being no longer enrolled in high school, or ceases to reside with the Wife under circumstances where the Wife is no longer furnishing the child's support or becomes otherwise emancipated, which ever occurs first.
Notwithstanding that a child has reached the age of eighteen (18) years, if the child is a full time high school student and continues to reside with the Wife, the Husband shall continue to pay child support as specified above, until the child completes the twelfth (12) grade or attains the age of nineteen (19) years, whichever occurs first.
As long as he is current on his child support payments, the Husband shall take the oldest child as a dependent for income tax purposes and the Wife shall take the youngest child as a dependent for income tax purposes.
ALIMONY
The Agreement dated September 9, 2002 approved by this court and made a part hereof addresses alimony.
MEDICAL INSURANCE AND UNREIMBURSED MEDICALS — CHILDREN
The Husband shall maintain, at his sole expense, medical/dental insurance for the children as long as he is obligated to pay child support for said child if such insurance is available to him through his CT Page 11456 employment at a reasonable cost.
If such insurance is not available to the Husband, the Wife shall maintain such insurance if it is available to her through her employment at a reasonable cost.
The children are presently covered under the Huskie Program. The Wife is solely responsible for the cost of said coverage through the State of Connecticut.
The Husband shall pay 50% of the unreimbursed medical/dental expenses and the Wife shall pay 50% of same.
The Wife shall not contract for any extraordinary expenses for the children without first consulting with the Husband except in case of emergencies.
The provisions of 46b-84 (e) shall apply.
MEDICAL INSURANCE — WIFE AND HUSBAND
The Wife shall be responsible for her own medical insurance coverage. The Husband shall be responsible for his own medical insurance coverage.
PERSONAL PROPERTY
The parties shall equally divide their personal property. If they are unable to do so, the matter is referred to Family Relations for mediation.
REAL PROPERTY
The parties are the joint owners of real estate located at 90 Seiter Hill Road, Wallingford, Connecticut.
The parties are ordered to immediately place the marital property on the market for sale with a licensed real estate broker. The parties shall mutually agree upon a listing price. If they are unable to do so, they shall each select a real estate appraiser. The appraisers selected by the parties shall jointly select a third appraiser who shall then set the listing price and whose fee shall be an expense of the sale. Each party shall be responsible for the fee of his/her respective real estate appraiser. The parties shall accept any offer within 5% of the listing price. Every ninety days the parties shall review the listing price of the property. If they are unable to agree upon a new price, then the previous CT Page 11457 listing price shall be reduced by 5%.
The Wife shall have exclusive possession of the property until it is sold. The Wife shall be solely responsible for any repair under $1,000.00. Any repair in excess $1,000.00 shall be equally divided between the parties. The Wife shall not contract for any repairs over $1,000.00 without the prior, written consent of the Husband. The Husband shall not unreasonably withhold his consent.
Until the marital property is sold, the Wife shall pay the monthly installments due on the first mortgage, including taxes and insurance. The Wife shall be solely responsible for all the utilities.
When the property is sold the net proceeds shall be equally divided between the parties. However, Husband shall deduct from his share of the proceeds $12,500.00 and pay to the Wife said sum in consideration of his maintaining his entire GE Retirement Account. "Net proceeds" shall mean the sales price less the usual and standard costs of closing and the pay-off of the first mortgage.
DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit.
DIVISION OF BANK ACCOUNTS IRA ACCOUNTS AND RETIREMENT ACCOUNTS
Except as otherwise provided herein, each party shall retain all of the assets as listed on their financial affidavits. The Husband shall retain his GE Stock Retirement Account free and clear of any claims by the Wife.
TAX RETURNS
The parties shall file separate tax returns for the year 2002 and thereafter. However, in the past the parties have filed joint returns. In the event that an audit results in a determination of a deficiency in connection with any jointly filed income tax returns, the party whose income, assets, or reporting is responsible for the same, shall also be responsible for the payment of the deficiency, holding the other party harmless from any and all claims concerning that obligation including but not limited to accounting fee and attorney fees.
MOTOR VEHICLES
CT Page 11458
The parties shall be entitled to their respective motor vehicles.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
_________________ Frankel, J.
[EDITORS' NOTE: The agreement IS ELECTRONICALLY NON-TRANSFERRABLE.] CT Page 11459